UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUCIA PATRICIA SILVESTRE
HERNANDEZ,

             Petitioner,

v.                                Case No. 3:26-cv-1135-MMH-SJH

MARKWAYNE MULLIN, et al.,

             Respondents.

_____

## **ORDER**

      Petitioner Lucia Patricia Silvestre Hernandez, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition). Hernandez is a noncitizen who entered the United States about three years ago. Id. at 2. In January 2026, in Palm Beach County, Florida, officers arrested Hernandez for domestic battery and the charges for that incident are still pending. Id. at 9. Officers then transferred her to the custody of United States Immigration and Customs Enforcement, and she is currently detained at the Baker County Facility in Macclenny, Florida. Id. Hernandez argues, inter alia, that ICE's mandatory detention of her without an individualized bond hearing violates the

Immigration and Nationality Act. Id. at 10-11. As relief, she seeks either immediate release or an individualized bond hearing. See id. at 14-15.

Federal Respondents filed a Response (Doc. 10; Response) acknowledging that based on the Eleventh Circuit Court of Appeals' recent decision, Petitioner is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). Response at 1-3 (citing Hernandez Alvarez v. Warden, 175 F.4th 1258 (11th Cir. 2026) (concluding that "[8 U.S.C.] § 1225 applies to arriving aliens seeking entry at the border, whereas [8 U.S.C.] § 1226 applies to aliens unlawfully in the interior")).

When Hernandez was detained in January 2026, she was not seeking entry at the border. Therefore, considering the opinion in Hernandez Alvarez and Federal Respondents' concession, Hernandez is not subject to § 1225 and is instead detained under § 1226. Response at 2; see also Hernandez Alvarez, 175 F.4th at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1.      Hernandez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to her claim that her detention without

an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Hernandez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents release Hernandez, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of July, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-7
c.    counsel of record

---

[1] Because the Court finds that Hernandez is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining claims. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").